IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LINWOOD GRAY | * | |
| | * | |
| v. | * | Civil No. CCB-13-2219 |
| | * | |
| PEOPLES BANK OF MARYLAND, et al. | * | |

******

## MEMORANDUM

Plaintiff Linwood Gray brought this suit against defendants Howard L. Stern and Sandra M. Stern (together, "the defendants"),[1] alleging various civil causes of action related to real estate investments he made from 1977 to 1978.  Now pending before the court is the defendants' motion to dismiss or, in the alternative, for summary judgment.  Also pending is Gray's cross-motion for summary judgment.  The issues in this case have been fully briefed, and no hearing is necessary.  *See* Local R. 105.6.  For the reasons stated below, the defendants' motion—treated as a motion to dismiss—will be granted, and Gray's cross-motion for summary judgment will be denied.

## BACKGROUND[2]

According to Gray's complaint, from July 1977 to November 1978, he gave the defendants $235,000 for investment in six lots in Prince George's County, Maryland, which the

---

[1] Gray also filed suit against The Peoples Bank, although that party was dismissed from this case after it was discovered that Gray had intended to sue a different entity.  Gray now moves to add a party pursuant to Fed. R. Civ. P. 21.  The motion will be denied as moot.

[2] For the purpose of resolving the pending motions, the court will adopt the facts as set forth in Gray's complaint and supplements to his complaint.  (*See* ECF Nos. 1, 5, & 8.)

defendants purchased on September 28, 1978.  (Compl., ECF No. 1, at 2.)[3]  In January 1983, however, Howard Stern falsely advised him that the properties had been sold and his share from the sale was $26,000.  (*Id.* at 3.)  Using a fraudulent scheme of changing Sandra Stern's middle initial and falsifying court records, the defendants had instead converted the properties for themselves.  (*Id.*; *see also* Second Suppl. to Compl., ECF No. 8, at 2.)  They then sold lots in 1979, 1989, and 1990 "without his knowledge or consent for their own personal benefit." (Compl. at 2–3.)  Although the defendants never provided any "real proof of what had happened to his property,"[4] Gray did not investigate his dealings with the defendants until October 2010. (Suppl. to Compl., ECF No. 5, at 2–3.)  In May 2013, he finally uncovered the defendants' fraudulent scheme.  (*Id.* at 3.)

## STANDARDS

### A. Motion to Dismiss

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints."  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "The mere recital of elements of a cause of action, supported only by conclusory statements, is not

---

[3] Howard Stern asked Gray in October 1982 for additional money to "maintain[] ownership of the properties," but Gray did not have the funds available.  (Compl. at 3.)

[4] Indeed, it appears that Gray did not have any paperwork memorializing his real estate dealings with the defendants.  (*See* Suppl. to Compl., ECF No. 5, at 2 (noting that Gray's "dealings with Howard were never reduced to paper").)

sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

   **B. Motion for Summary Judgment**

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his

3

favor.  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted).  At the same time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## ANALYSIS

As the court has diversity jurisdiction over this case, Maryland law applies.  *See Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 290 (4th Cir. 2010).  In Maryland, civil actions must be filed within three years of the date when the cause of action accrues.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101.  Maryland follows the discovery rule, whereby a cause of action accrues when the plaintiff knew or should have known of the potential claim.  *See Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004); *Poffenberger v. Risser*, 290 Md. 631, 636, 431 A.2d 677, 680 (1981).  "This standard, however, does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'"  *Dual Inc.*, 383 Md. at 167–68, 857 A.2d at 1104.  A plaintiff is on "inquiry notice" when he has "knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry (thus, charging the individual) with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued."  *Poffenberger*, 290 Md. at 637, 431 A.2d at 681.  "In such a situation, should the plaintiff fail to seek out the facts supporting a cause of action, it can fairly be said that the plaintiff has inexcusably slept on his rights."  *Pennwalt Corp. v. Nasios*, 314 Md. 433, 449, 550 A.2d 1155, 1163 (1988).

Applying the discovery rule to this case, the court agrees with the defendants that Gray's claims are barred by the statute of limitations. Gray indicates in his complaint that, although the defendants advised him in January 1983 that they sold the investment properties, he never received documentation of any sale. He also admits that, after he was told the properties were sold, he received only $26,000 on his $235,000 investment. In this situation, a reasonable person would have suspected that he had been harmed and, at minimum, investigated the reasons for his losses. Thus, taken together, the above facts placed Gray on inquiry—if not actual—notice, so that he had three years from January 1983 to investigate and file a complaint. As Gray did not file the present lawsuit until 2013, his claims must be dismissed as time-barred, and there is no basis for his cross-motion for summary judgment.[5]

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss based on statute of limitations will be granted, and Gray's cross-motion for summary judgment will be denied. A separate order follows.

May 7, 2014                                                          /s/
Date                                                    Catherine C. Blake
                                                        United States District Judge

---

[5] Gray suggests that, because he had a fiduciary relationship with Howard Stern, the statute of limitations did not begin running in January 1983. Specifically, according to Gray, he justifiably relied on Howard Stern's oral representations. Even assuming a fiduciary relationship existed, the court cannot agree that Gray was under no duty to investigate, as events had occurred that would make a reasonable person suspicious. *Cf. Frederick Road Ltd. Partnership v. Brown & Sturm*, 360 Md. 76, 98–99, 756 A.2d 963, 975–76 (2000) (emphasis added) (explaining that, where there is a relationship built on trust and confidence, "[t]he confiding party . . . is under no duty to make inquiries about the quality or bona fides of the services received, *unless and until something occurs to make him or her suspicious*"). Accordingly, the court discerns no basis for tolling the statute of limitations period.